Asociación Médica de Puerto Rico, Distrito Este, etc., demandantes y recurridos, *v.* Cruz Azul de Puerto Rico, José Julián Álvarez, Presidente, demandados; Secretario de Justicia de P. R., Comisionado de Seguros de P. R., Colegio de Cirujanos Dentistas de P. R. y Otros, interventores y recurrente el tercero.

*Número:* RE-86-208      *Resuelto:* 10 de abril de 1987

---

([2]) En vista de esta conclusión, no es necesario examinar si se cometió el otro error cuestionado por los recurrentes.

670

*Francisco Hernández Oquendo,* abogado del interventor recurrente Colegio de Cirujanos Dentistas de Puerto Rico; *Héctor R. Cuprill,* abogado del interventor-recurrente Delta Dental Plan of Puerto Rico, Inc.; *Jesús G. Rodríguez, hijo,* abogado de la recurrida Asociación Médica de Puerto Rico, Distrito Este; *Iraelia Pernas Dávila,* abogada de la recurrida Cruz Azul de Puerto Rico; *Rafael Ortiz Carrión, Procurador General, Rose Mary Corchado Lorent, Procuradora General*

*Auxiliar*, abogados de los interventores Secretario de Justicia y el Comisionado de Seguros de Puerto Rico.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

En este caso debemos resolver si los dentistas que prestan servicios a los suscriptores de una asociación con fines no pecuniarios (en adelante Asociación), establecida al amparo de la Ley Núm. 152 de 9 de mayo de 1942, según enmendada, 6 L.P.R.A. sec. 41 *et seq.*, para prestar servicios de hospitalización y/o médico-quirúrgicos pueden pertenecer a la Junta de Directores de dicha asociación conforme lo dispuesto en la Sec. 3 de la citada ley. El tribunal de instancia concluyó que la Ley Núm. 152, *supra*, según enmendada, no le confiere a los dentistas derecho a pertenecer a la Junta de Directores de estas asociaciones. Resolvemos que el tribunal erró en su interpretación.

I

La controversia en este caso surge como resultado de una asociación, la Cruz Azul, haber anunciado que en su Asamblea Anual de 9 de mayo de 1985 se seleccionarían los nuevos miembros de la Junta de Directores, con la participación de los miembros del Colegio de Cirujanos Dentistas de Puerto Rico, conforme lo dispuesto en la Sec. 3 de la ley que reglamenta las asociaciones, 6 L.P.R.A. sec. 43, según interpretada por el Secretario de Justicia en su opinión de 4 de junio de 1984. [1] En respuesta al anuncio, la Asociación Médica de Puerto Rico, Distrito Este y dos de sus directores presentaron una petición de *injunction* contra la Cruz Azul y sus directo-

---

[1] Esta opinión del Secretario de Justicia revocó una anterior de 26 de marzo de 1984 en la cual se sostenía que la Ley Núm. 152 de 9 de mayo de 1942, según enmendada, 6 L.P.R.A. sec. 41 *et seq.*, no contemplaba la participación de los dentistas asociados en la Junta de Directores de las asociaciones.

res, para que el tribunal prohibiera la participación de los cirujanos dentistas en la Junta de Directores de los demandados. Alegaron que la práctica de la Cruz Azul de permitir dicha participación y la citada opinión del Secretario de Justicia eran "contrarias a la letra y espíritu ... [y] orden público enunciado en la [Ley Núm. 152 de 9 de mayo de 1942, según enmendada]". La Cruz Azul contestó la demanda y alegó que "no acepta[ba] la conclusión de derecho" alegada. Luego de varios trámites procesales el tribunal concedió intervención al Secretario de Justicia, al Comisionado de Seguros, al Colegio de Cirujanos Dentistas de Puerto Rico, a la Delta Dental Plan of P.R., Inc. (en adelante Dental Plan) y a la Simonpietri Hemisférica, S.A., Inc. (en adelante Simonpietri). [2]

El Secretario de Justicia compareció por sí y en representación del Comisionado de Seguros y expresó que "considera[ndo] la reiterada práctica de la Asamblea Legislativa de diferenciar a los dentistas de los médicos ... [era de la opinión] que a pesar del carácter remedial o reparador que permea la exposición de motivos de la citada Ley Núm. 109 [de 21 de junio de 1968, que enmendó la Ley Núm. 152 de 9 de mayo de 1942], de haber sido la intención del legislador incluir a los dentistas dentro del ámbito de la citada Ley Núm. 152 lo hubiese manifestado expresamente". [3] Opinión Srio. Justicia P.R. de 14 de octubre de 1985. El tribunal, luego de hacer un recuento de las leyes que distinguen entre médicos y dentistas, dictó sentencia en la cual declaró y decretó "que los

---

[2] Dental Plan es una asociación con fines no pecuniarios organizada con la autorización del Comisionado de Seguros y conforme las disposiciones de la Ley Núm. 152, *supra*, según enmendada. Simonpietri es la administradora de Dental Plan.

[3] La Cruz Azul entonces cambió su posición y se unió a lo expresado por el Secretario de Justicia y la controversia finalmente quedó trabada entre los demandantes, la demandada Cruz Azul y los interventores Comisionado de Seguros y el Secretario de Justicia, de un lado, y los demás interventores del otro.

dentistas en Puerto Rico que prestan servicios a los suscriptores de la Cruz Azul, a tenor con el estado actual de la ley, no tienen derecho a estar representados en la Junta de Directores de dicha entidad". ([4]) De esta sentencia recurre ante este Tribunal el Colegio de Cirujanos Dentistas de Puerto Rico. Alega, en síntesis, que el espíritu e intención de la Ley Núm. 152, *supra,* según enmendada, no fue el de excluir a los dentistas de las Juntas de Directores de las asociaciones, y que, aunque no es pertinente la distinción que en ocasiones ha realizado el legislador entre médicos y dentistas cabe señalar que la Asamblea Legislativa y este Tribunal, también en innumerables ocasiones han dado tratamiento igual a los médicos y a los dentistas. ([5])

El 14 de mayo de 1986 expedimos el recurso de revisión solicitado. En auxilio de nuestra jurisdicción "se le orden[ó] a la parte demandada que tom[ara] las medidas cautelares necesarias y pertinentes para que en la Asamblea Ordinaria [de] 1986 de la Cruz Azul de Puerto Rico ... permit[iera] a los médicos y dentistas asociados al plan, que particip[aran] en dicha Asamblea y aspirar[an] y [fueran] nominados a la Junta de Directores de la Cruz Azul de Puerto Rico".

## II

La Ley Núm. 109 de 21 de junio de 1968 (6 L.P.R.A. sec. 41 *et seq.*) que enmendó la Ley Núm. 152, *supra,* expresa claramente y sin ambigüedad en su exposición de motivos el propósito del legislador al aprobar ambas leyes. En dicha exposición se señaló lo siguiente:

En el año 1942, cuando se aprobó la Ley 152 . . . , no había ninguna institución con o sin fines pecuniarios que estuviera

---

([4]) El tribunal impuso las costas del procedimiento por partes iguales a los interventores, sin distinguir entre ellos. No impuso honorarios de abogados.

([5]) Posición similar adoptaron en sus comparecencias los interventores Dental Plan y Simonpietri.

interesada en ofrecer a la comunidad un plan de servicios médico-hospitalarios bajo un sistema de servicios prepagados. Como no se tenía experiencia en las operaciones de estos planes, se aprobó la Ley 152 en donde se le deban ciertos poderes al entonces Superintendente de Seguros.

Después de haber estado funciona[n]do con éxito por más de diez años [la Cruz Azul] la única Asociación organizada bajo esta ley, surgieron varias compañías con fines pecuniarios que se organizaron al amparo del Código de Seguros para ofrecer servicios médico-hospitalarios a la comunidad.

Debido a que la Ley 152 impone a las Asociaciones que se organicen bajo esta ley restricciones que no impone el Código de Seguros a las compañías que se organicen con fines pecuniarios, dichas Asociaciones con fines no pecuniarios operan con desventaja en relación con las compañías con fines pecuniarios organizados bajo el Código de Seguros.

Con el fin de corregir esta situación, se aprueba esta ley *de manera que las organizaciones con fines no pecuniarios estén en igualdad de condiciones, con las que operan con fines pecuniarios.* (Énfasis suplido.) 1968 Leyes de Puerto Rico 228-229.

La Ley Núm. 152, *supra*, sólo disponía para que estas asociaciones brindaran servicios hospitalarios. Mediante la enmienda de 1968, Ley Núm. 109, *supra*, se facultó a las mismas para que también pudieran brindar servicios médico-quirúrgicos. De esta manera se estableció el esquema de ley que le permite al Comisionado de Seguros aprobar asociaciones que pueden competir en igualdad de condiciones con las que operan con fines pecuniarios en el área de planes de cuidado de la salud.

Respecto a la estructura de la Junta de Directores de estas asociaciones, la Sec. 3 de la Ley Núm. 109, *supra*, según enmendada, dispone en su parte pertinente:

La Junta de Directores de una asociación organizada con fines no pecuniarios para establecer, mantener y operar un plan de servicio de hospitalización y/o *médico-quirúrgico* estará formada por grupos de las siguientes personas.

1. Cuando la Asociación se organice bajo esta ley y opere un plan de servicios de hospitalización y médico-quirúrgicos:

(a) Representantes de los hospitales asociados, seleccionados en la Asamblea Anual de la Asociación, por los administradores, directores, síndicos o representantes de los hospitales que hubieren contratado con la asociación para rendir servicios a sus suscriptores y asistan a la Asamblea Anual de la Asociación en calidad de delegados de dichos hospitales.

(b) *Médicos asociados,* que no estén incluidos en el grupo (a) y en número igual al que compongan el grupo (a), seleccionados en Asamblea Anual de la Asociación por y *entre los médicos que hubieren contratado con la asociación para rendir servicios a sus suscriptores que asistan a dicha Asamblea en calidad de delegados de los médicos asociados.*

(c) Representantes de los Suscriptores, en número igual a la suma de los grupos (a) y (b) arriba enumerados, que no podrán ser médicos, ni administradores, síndicos, representantes o empleados de los hospitales asociados que participen en el plan, seleccionados por los suscriptores que asistan a la Asamblea en calidad de delegados de los suscriptores.([6]) (Énfasis suplido.) 1968 Leyes de Puerto Rico 230-231.

■ La enmienda de 1968 añadió el servicio médico-quirúrgico a las actividades que podían llevar a cabo las asociaciones y específicamente dispuso que formarían parte de la Junta de Directores los médicos asociados que cualificaran y fueran se-

---

([6])La Sec. 3 de la Ley Núm. 152, antes de la enmienda de 1968 disponía:

"Sección 3.—(Directores.)—La Junta de Directores de una asociación organizada con fines no pecuniarios para establecer, mantener y operar un plan de servicio de hospitalización estará formada, por grupos iguales, de las siguientes personas:

"1. Administradores, directores o síndicos de hospitales que hubieren contratado con dicha asociación para rendir servicios de hospitalización a sus suscriptores;

"2. Doctores en el ejercicio de la medicina y cirugía que no estén incluidos en el grupo 1;

"3. Personas del público que fueren subscriptores de dicho servicio de hospitalización." 1942 Leyes de Puerto Rico 831.

leccionados en la Asamblea Anual de la Asociación. Sin embargo, no definió los términos servicios médico-quirúrgicos ni médico asociado. La Ley Núm. 152, *supra*, según enmendada, no es clara ni está libre de ambigüedad. Debemos interpretarla de la forma que más se ajuste a la intención de la Asamblea Legislativa. Art. 19, ([7]) Código Civil, 31 L.P.R.A. sec. 19; *Díaz Marín* v. *Mun. de San Juan*, 117 D.P.R. 334 (1986); *Passalacqua* v. *Mun. de San Juan*, 116 D.P.R. 618 (1985); R. E. Bernier, *Aprobación e Interpretación de las Leyes en Puerto Rico*, San Juan, Ed. Cultura, 1963, Cap. XII, pág. 147. ([8])

---

([7]) El Art. 19 del Código Civil dispone:

"El medio más eficaz y universal para descubrir el verdadero sentido de una ley cuando sus expresiones son dudosas, es considerar la razón y espíritu de ella, o la causa o motivos que indujeron al poder legislativo a dictarla." 31 L.P.R.A. sec. 19.

([8]) Para apoyar su contención de que la interpretación correcta de la Ley Núm. 152, *supra*, según enmendada, es que ésta no autoriza a los dentistas asociados a la Cruz Azul a formar parte de la Junta de Directores de una asociación los recurridos citan varias leyes relacionadas de alguna forma con los profesionales de servicios de salud. Pretenden de esta manera establecer que la Asamblea Legislativa ha tratado de forma distinta a los médicos y a los dentistas y que cuando los ha querido tratar igual, lo ha hecho de forma expresa. Ninguna de las leyes citadas versa sobre la forma en que las asociaciones, con fines pecuniarios o sin ellos, deben organizarse para brindar planes de servicios médicos y hospitalarios. Tampoco ayudan a determinar la intención del legislador al establecer lo concerniente a la composición de las Juntas de Directores de las asociaciones.

Entre las leyes citadas están: el Art. 177 del Código Político, 3 L.P.R.A. sec. 551, según ha sido enmendada por las Leyes Núms. 126 de 26 de junio de 1969 y 137 de 3 de junio de 1976 (este artículo exime a los médicos y dentistas, entre otros, de la prohibición de que funcionarios del Gobierno estatal no podrán recibir paga adicional); Ley Núm. 57 de 8 de agosto de 1925, según enmendada, que crea la Junta Dental Examinadora, 20 L.P.R.A. sec. 81 y ss.; Ley Núm. 162 de 13 de mayo de 1941, según enmendada, que crea el Colegio de Cirujanos Dentistas, 20 L.P.R.A. sec. 111 y ss.; Ley Núm. 1 de 20 de enero de 1966, según enmendada, conocida como la Ley de la Universidad de Puerto Rico, 18 L.P.R.A. sec. 601 y ss., dispone para instituciones separadas para el estudio de medicina y odontología; Ley Núm. 17 de 5 de junio de 1948 (18 L.P.R.A. sec. 896 y ss.) asignación de fondos para becas, y Ley Núm. 126 de 13 de julio de 1960, conocida como Ley de Barbitúricos y Otras Drogas Peligrosas, 24 L.P.R.A. sec. 930 *et seq.*

■ La intención del legislador al enmendar la Ley Núm. 152, *supra*, fue establecer que "las organizaciones con fines no pecuniarios estén en igualdad de condiciones, con las que operan con fines pecuniarios". Exposición de Motivos de la Ley Núm. 109, *supra*. La ley que reglamenta el funcionamiento de las organizaciones con fines pecuniarios que prestan servicios de salud, es la Ley de Organizaciones de Servicios de Salud, (9) Ley Núm. 113 de 2 de junio de 1976, Cap. 19 del Código de Seguros, 26 L.P.R.A. sec. 1901 *et seq.* Ésta, por ser una legislación análoga, nos ayuda a interpretar la intención del legislador. Art. 18 del Código Civil, 31 L.P.R.A. sec. 18. (10) *United Hotels of P.R.* v. *Willig*, 89 D.P.R. 188, 195 (1963); R. E. Bernier, *op. cit.*, págs. 296–299. *Cf. Álvarez* v. *Tribunal Superior*, 102 D.P.R. 236, 238 (1974). La Ley de Organizaciones de Servicios de Salud reglamenta precisamente a las organizaciones con las que el legislador, mediante la enmienda de 1968, intentó equiparar a las Asociaciones. Esta ley define *Servicios de Cuidado de la Salud* (los servicios que se les brinda a los suscriptores), como cualquier servicio incluido para proveerle a cualquier individuo *"cuidado médico o dental* u hospitalización o servicios incidentales a la prestación de dicho cuidado u hospitalización". (Énfasis suplido.) Art. 19.020(5), 26 L.P.R.A. sec. 1902(5). En su Art. 19.060 (26 L.P.R.A. sec. 1906) dispone sobre la forma en que se compondrá la Junta de Directores: "(1) La Junta de Directores de cualquier organización de servicios de salud, *debe incluir a los proveedores*, personas particulares o ambos." (Énfasis su-

---

(9) Esta ley define organizaciones de servicios de salud como "cualquier persona que se obligue a proveer o hacer arreglos para proveer uno o más planes de cuidado de salud". Art. 19.020(6), 26 L.P.R.A. sec. 1902(6).

(10) El Art. 18 del Código Civil dispone:

"Las leyes que se refieren a la misma materia o cuyo objeto sea el mismo, deben ser interpretadas refiriendo las unas a las otras, por cuanto lo que es claro en uno de sus preceptos pueda ser tomado para explicar lo que resulte dudoso en otro." 31 L.P.R.A. sec. 18.

plido.) El término "proveedores" a su vez, se define como ". . . cualquier médico, hospital o *cualquier otra persona autorizada en Puerto Rico para proveer servicios de cuidado de salud*". Art. 19.020 (7), 26 L.P.R.A. sec. 1902 (7). (Énfasis nuestro.)

Tomadas en conjunto, la Ley Núm. 152, *supra*, según enmendada, y la Ley de Organizaciones de Servicios de Salud, al interpretarlas, "el criterio judicial [se debe inclinar] hacia aquella solución que mejor capte el impacto del estatuto en términos de bienestar general y que mejor perciba la intención legislativa al adoptar la norma como enfilada a propiciar el interés público . . .". *Díaz Marín* v. *Mun. de San Juan*, supra, págs. 344–345. Por ello, concluimos que la intención de la Asamblea Legislativa al enmendar la Ley Núm. 152, *supra*, fue permitir que los dentistas asociados pudieran formar parte de la Junta de Directores de las asociaciones, al igual que lo pueden hacer en las organizaciones con fines pecuniarios.

Además, el propio Comisionado de Seguros, que es el funcionario de gobierno que fiscaliza tanto a las organizaciones de servicios de salud y a las asociaciones, en virtud de los poderes que le concede la Ley Núm. 152, *supra*, según enmendada, autorizó a la Dental Plan, una asociación que brinda servicios dentales exclusivamente, a operar como una asociación. Al así hacerlo, interpretó los términos "servicios médico-quirúrgicos" y "médico asociado", introducidos en la Ley Núm. 152, *supra*, por la enmienda de 1968, como unos que incluían a los servicios dentales y a los dentistas. Esta interpretación administrativa de la Ley Núm. 152 por el funcionario encargado de ponerla "en vigor y velar porque sus fines se cumplan [nos merece] gran peso y deferencia". *Tormos & D.A.C.O.* v. *F. R. Technology*, 116 D.P.R. 153 (1985).

■ Por todo lo antes expuesto, resolvemos que los términos "servicios médico-quirúrgicos" y "médicos asociados", según éstos son utilizados en la Ley Núm. 152, *supra*, según enmendada, incluyen los servicios dentales y a los dentistas; en consecuencia, estos profesionales tienen derecho a participar y estar representados en la Junta de Directores de las Asociaciones. ([11])

Por todo lo anterior, *se dictará sentencia en la cual se revoque la del Tribunal Superior de 31 de marzo de 1986.*

Los Jueces Asociados Señores Negrón García y Hernández Denton concurren en el resultado sin opinión escrita. El Juez Asociado Señor Rebollo López no intervino.

---

([11]) La recurrida Cruz Azul nos trae a la atención el P. de la C. 928 de 14 de mayo de 1986. Este proyecto, *"con el propósito de cumplir con la intención y fines de la Ley 152, [dispone que] se establezca claramente el derecho de los dentistas a estar representados en las juntas directivas* de las asociaciones con fines no pecuniarios que ofrecen servicios dentales a los suscriptores de sus planes". (Énfasis suplido.) Exposición de motivos, P. de la C. 928 de 14 de mayo de 1986.

El resultado que anunciamos en esta opinión y la interpretación que hacemos de la Ley Núm. 152, *supra*, según enmendada, son cónsonos con la enmienda propuesta y en nada limita la facultad del legislador de reglamentar adecuadamente dichas asociaciones.