# 95 DTA 155

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA
### PANEL I

ELIZABETH FONTANEZ CUADRADO
Apelante

v.

NEGOCIADO DE SEGURIDAD DE EMPLEO DE PUERTO RICO,
DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS,
SECRETARIO DEL DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS
Apelados

Núm. KLAN-95-00451

San Juan, Puerto Rico, a 26 de mayo de 1995

Panel integrado por su presidente, Juez señor Amadeo Murga
y los Jueces señora Pesante Martínez y señor Rivera Pérez

Pesante Martínez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

### I

Elizabeth Fontánez Cuadrado, reclamante peticionaria, interesa se revise una resolución del Tribunal de Primera Instancia, Sala de Humacao, la cual confirma la determinación del Departamento del Trabajo y Recursos Humanos que la declara inelegible para recibir los beneficios de compensación por desempleo.

Por los fundamentos que más adelante se señalan, no se expide el recurso de *certiorari*.

En junio de 1994 el recurrido emitió una determinación en la cual declara a la peticionaria inelegible a los beneficios de compensación por desempleo. Este alegó que ella no tenía una razón justificada para renunciar a su empleo. La peticionaria apeló ante un árbitro del mismo Departamento, quien confirmó la determinación de inelegibilidad. Este basó su decisión en las alegaciones por escrito del patrono y en la evidencia contenida en el expediente del caso. En su resolución el árbitro dio crédito y encontró probado lo siguiente: Que la peticionaria trabajó como operaria de máquina en una fábrica de carteras durante nueve meses aproximadamente. En el mes de mayo de 1994 renunció al empleo debido a problemas de transportación ya que su vehículo fue pérdida total a causa de un accidente de tránsito. Que ella vivía en un barrio de Humacao y trabajaba en Yabucoa a una distancia de 35 a 40 minutos aproximadamente cuando viajaba en transportación privada. Que ésta comenzaba a trabajar a las 6:45 de la mañana. Luego del accidente la peticionaria decidió renunciar al empleo. El árbitro entendió probado, además, que la peticionaria no hizo uso de transportación pública porque llegaba tarde al trabajo y que no consiguió otra persona que la llevara a la fábrica. El día de la renuncia la peticionaria le notificó al patrono la situación. Que alegadamente el patrono le dio oportunidad para resolver el problema de transportación en vez de que renunciara al mismo y ésta no aceptó.

El árbitro determinó que la peticionaria no realizó gestiones suficientes para retener su empleo. *"Consideramos que ésta no hizo los esfuerzos necesarios para solucionar el problema de transportación a pesar de la oportunidad concedida por el patrono".* En virtud de ello se determinó que le era de aplicación la sección 4 (b)(2) de la Ley de Seguridad de Empleo de Puerto Rico que en lo pertinente dispone:

(b) *"Descalificaciones. Un trabajador no será descalificado para recibir crédito por semana de espera o beneficios por cualquier semana de desempleo a menos que, con respecto a dicha semana, el Director [del Negociado] determine que:*

(2) *"Abandonó un trabajo adecuado voluntariamente y sin justa causa, en cuyo caso no podrá recibir beneficios..."*

No conforme con la determinación del árbitro la peticionaria elevó su caso ante el Secretario del Trabajo y Recursos Humanos y el representante del Secretario confirmó la Resolución apelada. Posteriormente se presentó una reconsideración y el Secretario no actuó sobre la misma. Así las cosas, la peticionaria presentó recurso de revisión y el Tribunal de

Primera Instancia, Sala de Guayama resolvió no expedir el auto. De esa resolución se acude ante nos.

## II

La vista celebrada ante el árbitro del Negociado de Seguridad de Empleo y los procedimientos habidos en el Departamento del Trabajo y Recursos Humanos cumplieron con lo requerido por el precepto constitucional del debido proceso de ley. Los mismos fueron justos y equitativos. Las resoluciones y decisiones de las agencias administrativas gozan de una presunción de corrección y deben respetarse. No quiere ello decir que dichas decisiones no puedan ser revocadas pero le corresponderá a la parte afectada presentar suficiente evidencia para rebatir o derrotar tal presunción. *Henríquez v. Consejo de Educación Superior,* 120 D.P.R. 194 (1987); *M.& B S., Inc. v. Dept. de Agricultura,* 118 D.P.R. 319 (1987); *Murphy Bernabe v. Tribunal,* 103 D.P.R. 692 (1975).

En el récord administrativo del caso de autos hay suficiente evidencia para que pueda razonablemente concluirse que:

(1) la peticionaria renunció voluntariamente a su empleo;

(2) el problema de transportación no lo provocó el patrono;

(3) el problema de transportación fue a consecuencia de daños al vehículo privado de la peticionaria causados por un accidente automovilístico;

(4) que sólo transcurrió una semana entre el accidente y la renuncia al empleo;

(5) Que la peticionaria tuvo la oportunidad de ser escuchada en una vista cuasi-judicial y el organismo administrativo, al aplicar la ley, determinó que ésta abandonó voluntariamente y sin justa causa un trabajo que se consideraba adecuado de conformidad con la sección 704(c)(2) de la Ley de Seguridad de Empleo.

Los tribunales deben gran deferencia a las interpretaciones que de un estatuto hagan las agencias administrativas. Estas deben ser razonables y consistentes con el propósito legislativo. *Vázquez v. A.R.P.E.,* **91 J.T.S. 53,** opinión del 13 de junio de 1991; *Asoc. Médica de P. R. v. Cruz Azul,* 118 D.P.R. 669 (1987).

No vemos en el presente caso razones que nos muevan a revocar la determinación de la agencia administrativa ni la resolución del Tribunal de Primera Instancia. En repetidas ocasiones se ha resuelto que las decisiones y órdenes de organismos administrativos, siempre y cuando estén sostenidos por evidencia sustancial en la totalidad del récord administrativo, merecen deferencia y respeto por parte de los tribunales. *Puerto Rico Telephone Co. v. Unión Independiente de Empleados Telefónicos,* **92 J.T.S. 93**, opinión del 30 de junio de 1992; *Henríquez v. Consejo de Educación Superior, supra; Chase Manhattan v. Emanuelli Bauzá.* 111 D.P.R. 708(1981).

Por lo antes expuesto se deniega la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General