Gilberto Gierbolini, Juez Ponente
*651TEXTO COMPLETO DE LA SENTENCIA
Los apelantes, Elizabeth Agosto Pérez, Francisco Agosto Vargas y Francisco Agosto Rivera solicitan la revocación de la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 19 de agosto de 1997. Mediante dicha sentencia el tribunal a quo declaró Con Lugar una moción de desestimación presentada por la Corporación de Seguros de Acciones y Depósitos de Cooperativas de Ahorro y Crédito (PROSAD-COOP), y en consecuencia, concluyó que los aquí apelantes no tenían derecho a la devolución total de los certificados de depósito emitidos por la Cooperativa de Ahorro y Crédito de la Policía de Puerto Rico (POLI-COOP). De la referida sentencia, el 18 de septiembre de 1997, los aquí apelantes solicitaron la reconsideración; solicitud que fue declarada Sin Lugar el 5 de noviembre de 1997. El 8 de diciembre de 1997, los apelantes presentaron su Solicitud de Revisión ante este Tribunal. El 7 de enero de 1998, PROSAD-COOP, parte apelada, presentó su oposición al recurso de apelación. Luego de estudiar los documentos sometidos y analizar el derecho aplicable, REVOCAMOS la sentencia apelada y DEVOLVEMOS el caso a PROSAD-COOP para que proceda de acuerdo a lo aquí dispuesto.
I
El 11 de julio de 1990, con fecha de vencimiento de 11 de octubre de 1990, Francisco Agosto Vargas y/o Elizabeth Agosto Pérez adquirieron de POLI-COOP un certificado de depósito con número 04-0804 por la cantidad de $55,000.00. En la misma fecha y con la misma vigencia, Elizabeth Agosto Pérez y/o Francisco Agosto Vargas adquirieron de POLI-COOP un certificado de depósito con número 04-0068 por $62,000.00. El 24 de noviembre de 1993, con fecha de vencimiento de 24 de febrero de 1994, Francisco Agosto Rivera y o Francisco Agosto Vargas adquirieron de POLI-COOP un certificado de depósito con número 844 por la cantidad de $42,000.00.
Durante varios años, POLI-COOP remitió al Departamento de Hacienda la "Declaración Informativa de Ingresos Sujetos A Retención" en forma individual a cada uno de los aquí apelantes.
El 30 de noviembre de 1993, el Inspector de Cooperativas de Puerto Rico decretó la liquidación de POLI-COOP. PROSAD-COOP fue nombrada síndico liquidador. El 1 de diciembre de 1993, el Inspector de Cooperativas de Puerto Rico publicó en el periódico un aviso disolución de POLI-COOP. El referido aviso disponía que cualquier reclamación contra la cooperativa debía ser presentada dentro del término de los 90 días siguientes a la publicación del aviso. El 16 de diciembre de 1993, dentro del término dispuesto para hacer cualquier reclamo, Agosto Vargas compareció a la Cooperativa y reclamó con respecto a los tres certificados que POLI-COOP había emitido a su favor y al de sus hijos.
El 14 de junio de 1994, POLI-COOP le envió a Agosto Vargas una carta. La carta informaba sobre la liquidación de POLI-COOP y señalaba que de acuerdo al Artículo 11 (a) de la Ley de la Corporación de Seguros de Acciones y Depósito de las Cooperativas de Ahorro y Crédito, Ley Número 5 de 15 de enero de 1990, 7 L.P.R.A. Sección 1310, según enmendada, Agosto Vargas tenía a su haber una cantidad máxima de $50,000.00 correspondientes, según la ley, a la cantidad máxima asegurable por la combinación de todas las acciones y depósitos de un socio o depositante. La carta fue acompañada con un cheque por la mencionada cantidad. Además, la carta hacía referencia al derecho a solicitar la reconsideración de la determinación notificada ante PROSAD-COOP dentro de los siguientes 20 días y a solicitar la revisión judicial dentro de los 30 días siguientes a la adjudicación . de PROSAD-COOP. La referida comunicación nada disponía en cuanto al reclamo de Agosto Vargas ; hecho a nombre de sus hijos.
*652Agosto Vargas endosó y cambió el cheque que recibiera de POLI-COOP por la cantidad de $50,000.00 y reclamó a la Cooperativa el reembolso del dinero de los certificados de depósitos de sus hijos, pero las gestiones fueron infructuosas.
El 28 de junio de 1994, el Ledo. Ignacio Santos Sierra, a nombre y en representación de Elizabeth Agosto Pérez, Francisco Agosto Rivera y Francisco Agosto Vargas, dirigió una comunicación a la Cooperativa y reclamó el pago de los certificados de depósitos números 04-0068 y 844 por las cantidades de $62,000.00 y $42,000.00 respectivamente. La mencionada comunicación exigía el pago del certificado de depósito número 04-0068 a favor de la propietaria Elizabeth Agosto Pérez y el pago del certificado número 844 a su propietario Francisco Agosto Rivera.
El 23 de enero de 1996, los aquí apelantes presentaron demanda sobre cobro de dinero ante el Tribunal de Primera Instancia Sala Superior de San Juan. PROSAD-COOP presentó una moción solicitando la desestimación del caso. Según alegado por la parte apelante, la moción solicitando desestimación fue declarada No Ha Lugar por el tribunal. De acuerdo al alegato del apelante, PROSAD solicitó la reconsideración de la decisión del Tribunal de Primera Instancia la cual declaraba Sin Lugar la moción de desestimación. El 19 de agosto de 1997, el Tribunal de Primera Instancia emitió Sentencia en la cual expresó que por no existir en el caso hechos en controversia procedería a la aplicación del derecho y a resolver en los méritos y así declaró Con Lugar la desestimación. El Tribunal de Primera Instancia concluyó que sólo Agosto Vargas interpuso una reclamación ante la Cooperativa dentro del término dispuesto y que sus hijos no reclamaron el reembolso de los certificados de depósito hasta el 28 de junio de 1994, fecha en que el licenciado Santos compareció representándolos, y que por no pertenecer los certificados de depósito a Agosto Vargas y a sus hijos como una comunidad de bienes la reclamación hecha por Agosto Vargas no beneficiaba a sus hijos. Además, la sentencia señala que según la Ley de Instrumentos Negociables un instrumento pagadero en forma alternativa (y/o) como los del caso de autos, es pagadero a cualquiera de las personas y puede ser negociado, cancelado o exigido por cualquiera o todos los que estén en posesión del instrumento, lo que permitía a la Cooperativa hacer el pago a quien quisiera y que por lo tanto, el pago de la cantidad máxima asegurable por la totalidad de los depósitos que le fue hecho a Agosto Vargas y la aceptación de éste liberaba a POLI-COOP de cualquier otra responsabilidad.
El 18 de septiembre de 1997, los aquí apelantes presentaron ante el tribunal a quo una Moción en Solicitud de Reconsideración. En la moción, Agosto Vargas y sus hijos alegaron que la comunicación enviada a Agosto Vargas el 14 de junio de 1994, no cumplió con los requisitos de una resolución emitida por una agencia administrativa de acuerdo a lo establecido en la Ley de Procedimiento Administrativo Uniforme, Ley Número 170 de 12 de agosto de 1988. Además, señalaron que el aviso en el periódico sobre la disolución de POLI-COOP no cumplió con lo establecido en la Ley Número 6 de 15 de enero de 1990, 7 L.P.R.A. Sección 1358 (g), así también que despojarlos del reembolso de los certificados de depósito constituia un enriquecimiento injusto y que debían darle la oportunidad de ser escuchados en una vista administrativa. El 14 de octubre de 1997, PROSAD-COOP presentó Moción en Cumplimiento de Orden en oposición a la solicitud de reconsideración. PROSAD-COOP alegó que había cumplido el procedimiento establecido por la ley y que los apelantes fueron avisados de su derecho a interponer reclamación dentro de los 90 días siguientes al aviso y que por lo tanto, al sólo acudir Agosto Vargas, sus hijos habían perdido el derecho a reclamo alguno. PROSAD-COOP alegó también que el pago hecho a Agosto Vargas impedía que éstos recobraran, por que los certificados de depósito pertenecían en la alternativa a éste y/o a sus hijos. La solicitud de reconsideración fue declarada Sin Lugar el 5 de noviembre de 1997.
El 8 de diciembre de 1997, Agosto Vargas y sus hijos presentaron recurso de apelación ante este Tribunal. En la apelación sostienen que el Tribunal de Primera Instancia erró al concluir que los certificados de depósito pertenecían a Agosto Vargas; que los hijos de éste no reclamaron un reembolso dentro del término dispuesto; y que presentó su oposición al recurso de apelación y sostuvo que los hijos de Agosto Vargas no interpusieron su reclamación dentro del término prescriptivo de 90 días, que el pago hecho a Agosto Vargas la libera de ulterior responsabilidad y que no tienen que . cumplir con requisitos procesales de la LPAU ya que, el procedimiento establecido en la LPAU rige en los procesos adjudicativos y que el proceso de liquidación de. cooperativas está regido por una ley especial.
*653n
La doctrina de actos propios postula que una vez una parte ha asumido una postura o conducta con la cual creó un estado de derecho que ganó la confianza de la otra parte, quien descansa y actúa a base de ésta, está impedido de asumir una posición contradictoria a la que previamente había representado. La aplicación de esta doctrina permea a través de todo nuestro derecho y no está limitada a los contratos. Según Int. General Electric v. Concrete Builders, 104 D.P.R. 871 (1976), los requisitos necesarios para la aplicación de la doctrina de actos propios son: (a) una conducta determinada de un su eto ; (b) que haya engendrado una situación contraria a la realidad, esto es aparente y, mediante tal apariencia, susceptible de influir en la conducta de los demás, y (c) que sea base de la confianza de otra parte que haya procedido de buena fe y que, por ello, haya obrado de una manera que le causaría un peijuicio si sus confianza quedara defraudada. El propósito de la doctrina de actos propios es evitar la conducta contradictoria que atenta contra la buena fe que debe existir en todos los órdenes del derecho.
Ley Número 5 de 15 de enero de 1990 en su Artículo 11 (a), 7 L.P.R.A. Sección 1310, establecía, al momento de los hechos de este caso, que:

"El seguro de acciones y depósitos de la Corporación deberá proveer para garantizar, contra el riesgo de pérdida por insolvencia económica, las acciones y depósitos de los socios y depositantes de las cooperativas aseguradas hasta los límites máximos que se indican a continuación:

(a) A partir del día primero del primer mes siguiente a la fecha de aprobación de esta ley, la cantidad máxima combinada de acciones y depósitos asegurables por un socio o depositante será de cincuenta mil dólares."

A diferencia de la legislación federal, la Ley Número 5, supra, no contempla diferentes categorías en las cuentas depositadas en las cooperativas para de acuerdo a éstas otorgar el seguro que ofrece PROSAD-COOP. Según el Artículo 19 del Código Civil de Puerto Rico, 31 L.P.R.A. Sección 19, el medio más eficaz para determinar y descubrir el sentido de una ley es el escrutinio de las causas y motivos que guiaron a la legislatura a escribirla. El legislador, en cuanto a la Ley Número 5, no distinguió entre cuentas mancomunadas, alternativas e individuales para que de acuerdo a esta categoría el seguro fuera otorgado; el legislador concedió un seguro por persona o depositante que cubriría hasta $50,000.00 las acciones o depósitos. La Ley Número 5 fue enmendada por la Ley Número 70 de 10 de agosto de 1993. El historial legislativo de la Ley Número 70, refleja que el propósito del legislador es ofrecer un seguro de $50,000.00 por cada depositante, el legislador señaló entonces que:
"...mediante la Ley 99 de 4 de junio de 1980 conocida como "Ley del Fondo de Seguro de Acciones y Depósitos de Cooperativas de Ahorro y Crédito de Puerto Rico "PROSAD-COOP" se organizó por primera vez un fondo para asegurar las acciones y depósitos en las cooperativas de Ahorro y Crédito el cual operaba como un programa bajo la dirección y supervisión directa del Inspector de Cooperativas, asegurando tales cuentas hasta $40,000.00 por persona...". (Enfasis nuestro).
El concepto de un seguro por persona ha seguido la legislación a través de sus cambios y enmiendas. Podemos concluir entonces, que la intención legislativa es otorgar $50,000.00 dólares a cada depositante. La interpretación judicial debe alcanzar el verdadero propósito legislativo, Asociación Médica de P.R. v. Cruz Azul, 118 D.P.R. 669 (1987).
En el caso ante nos, POLI-COOP actuó de forma tal que creó en cada uno de los aquí apelantes la creencia de su titularidad individual sobre los certificados de depósito. Del expediente del caso surge que POLI-COOP envió las declaraciones informativas sobre retención de ingreso al Departamento de Hacienda de forma individual.
A tales efectos, POLI-COOP preparó la Forma 480.6 (A) para el año contributivo 1993 por intereses recibidos como titular del certificado de ahorro número 04-0068. Intereses devengados ascendentes a $22,535.20 y contribución retenida a Elizabeth Agosto, número de seguro social 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 por $285.91. De igual forma, para el año contributivo de 1990 intereses ascendentes a $4,921.62 y contribución retenida de $496.68. Véase, Apéndices VI, VII, páginas 35, 36 y 37 del *654Apéndice del Recurso de Apelación. Véase, además, respecto al año 1992, Apéndice a la página 38. En lo que respecta a Francisco Agosto Rivera, certificado número 844, número de seguro social 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, POLI-COOP en igual formulario notificó al Departamento de Hacienda pago por intereses ascendentes a $881.23. Véase páginas 40 y 41 del Apéndice.
Estos actos significaron el reconocimiento de la titularidad individual de los certificados de depósito. El dar una interpretación diferente a la conducta de POLI-COOP conllevaría de fraudar la confianza de los aquí apelantes que actuaron descansando en la apariencia de los actos de la apelada.
Al tener cada uno de los aquí apelantes la titularidad individual de los certificados de depósito, según reconocido por los actos de la cooperativa, le corresponde a cada uno de éstos la cantidad máxima asegurable de las acciones o depósitos en la cooperativa. De acuerdo al propósito legislativo de asegurar y proteger los depósitos que hiciera cada persona en una cooperativa, es necesario que cada uno de los aquí apelantes reciba la cantidad máxima asegurable.
in
Nuestro ordenamiento jurídico permite que aquel que entienda tener un derecho a reclamar así lo haga. Sin embargo, nuestro sistema también abre las puertas para quienes no ostentando un derecho propio representen a una parte que sí lo tenga. De acuerdo a este principio general la Regla 15.1 de Procedimiento Civil, expresa que si la persona que presenta la acción ante nuestros tribunales no es la persona con derecho, no habrá que desestimar la acción interpuesta sino que debemos conceder un término razonable para que la persona con verdadero derecho ratifique la presentación de la acción.
Por lo tanto, fue suficiente la reclamación instada dentro del término por Agosto Vargas por sí y en representación de sus hijos, por lo que concluimos que el tribunal a quo erró al expresar que los hijos de éste no presentaron una reclamación dentro del término dispuesto.
IV
Por lo ya dispuesto, no es meritorio discutir el planteamiento de los apelantes en cuanto a que la resolución de PROS AD-COOP no cumplió con los requisitos de la LPAU.
V
Por los fundamentos antes expuestos, REVOCAMOS la sentencia apelada y DEVOLVEMOS el caso a PROSAD para que proceda de acuerdo a lo aquí dispuesto.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General