LILIANA LABOY, BASILIO ORTEGA, ASOCIACIÓN DE EMPLEA-
DOS GERENCIALES DEL FONDO DEL SEGURO DEL ESTADO,
demandantes y recurrentes, *v.* ESTADO LIBRE ASOCIADO
DE PUERTO RICO, y OTROS, demandados y recurridos.

*Número:* R-83-303 *Resuelto:* 23 de marzo de 1984

*Fernando E. Agrait*, abogado de los recurrentes; *Miguel Pagán, Procurador General Interio*, y *Doris M. Santiago*, abogada del Departamento de Justicia, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Los recurrentes, dos empleados del Fondo del Seguro del Estado, cuestionan la legalidad del nombramiento de María de L. Ramos Rodríguez al puesto de Jefe de la División de Reclamaciones de dicha agencia. Sostienen que el Administrador del Fondo evadió las disposiciones del Reglamento de Personal de la agencia para poder nombrar a la recurrida, candidata sin ningún tipo de experiencia en el Fondo, al excluir a empleados del Fondo que reunían los requisitos reglamentarios. El Reglamento del Fondo, aprobado el 30 de diciembre de 1976, disponía en su Sec. 8.8[1] que para llenar una vacante debían certificarse cinco candidatos que figuren en los cinco registros de elegibles de la agencia. La elección se haría de esos cinco candidatos.

La disposición reglamentaria en cuestión patrocina que al haber más de cinco candidatos, todos cualificados para el

---

[1] Dispone la mencionada Sec. 8.8:

"1) La certificación y selección de candidatos se efectuará ·siguiendo las siguientes normas:

"a— Los puestos vacantes se cubrirán mediante la certificación y selección de los candidatos que figuran en los registros de elegibles.

"b— A los fines del uso de los registros de elegibles, cada certificación incluirá cinco (5) candidatos que estén disponibles y en turno de certificación correspondiente y la selección se hará de entre tales candidatos.

. . . . . . . .

"d— Para determinar los candidatos a ser certificados *se seguirá el siguiente orden de prioridad en los registros de elegibles* (énfasis nuestro);

 "1) Registro de Reubicación
 "2) Registro de Ascenso
 "3) Registro de Traslado Interno
 "4) Registro de Reingreso
 "5) Registro de Ingreso"

puesto, se dará prioridad a los propios empleados con experiencia en el Fondo, pues, al efectuarse el nombramiento, ello conllevaría una reubicación, un ascenso o traslado interno.

Al oponerse a la demanda de sentencia declaratoria radicada por los recurrentes, la parte recurrida impugnó por nulidad la disposición de su propio reglamento por violar el principio de mérito. Sostiene que obstaculiza el libre acceso en igualdad de condiciones a toda persona que interese ingresar en el servicio público y, por tanto, limita reclutar el personal más idóneo.

El tribunal dictó sentencia por las alegaciones, en que desestimaba la demanda. Concluyó que la acción se limitaba a determinar la validez de la Sec. 8.8 del Reglamento antes transcrita. Resolvió que tal disposición era nula por infringir el principio de mérito. Los demandantes acudieron en solicitud de revisión. El 29 de julio de 1983 expedimos la siguiente orden para mostrar causa:

> Vista la petición de Revisión y sus anejos se concede un término de treinta (30) días a la parte recurrida para que comparezca a mostrar causa por la cual no debamos expedir el auto solicitado y revocar la sentencia recurrida. Específicamente se le requiere que exponga las razones por las cuales entiende que el método de establecer niveles de prioridades contemplado en la Sección 8.8 del Reglamento de la agencia recurrida es contrario a los principios de selección y de ascenso, ambos áreas esenciales al sistema de mérito encarnado en nuestra Ley de Personal.

La recurrida ha comparecido, mas no nos convence. No consideramos que el método de establecer prioridades dispuesto en la Sec. 8.8 del Reglamento del Fondo sea contrario al sistema de mérito.

 El Fondo del Seguro del Estado, a pesar de ser agencia independiente excluida de la Ley de Personal, está obligada a adoptar un reglamento de personal que incorpore el principio de mérito. Así lo dispone la Ley Orgánica del

Fondo. 11 L.P.R.A. sec. 8.(²) La Ley de Personal, en la declaración de política, 3 L.P.R.A. sec. 1311(1), ofrece una guía de lo que es el principio de mérito.

Establecer el mérito como el principio que regirá todo el servicio público, de modo que sean los más aptos los que sirvan al Gobierno y que todo empleado sea seleccionado, adiestrado, ascendido y retenido en su empleo en consideración al mérito y a la capacidad, sin discrimen por razones de raza, color, sexo, nacimiento, edad, origen o condición social, ni por ideas políticas o religiosas.

■■■ De la cita anterior se desprende que una disposición reglamentaria que controle la selección o ascenso del personal a base de prácticas discriminatorias por razón de raza, color, sexo, nacimiento, edad, origen, condición social, ideas políticas o religiosas infringe patentemente el principio de mérito y sería nula. Véase *Reyes Coreano* v. *Director Ejecutivo*, 110 D.P.R. 40 (1980). Pero una disposición reglamentaria que regule los ascensos y la selección del personal a base de la capacidad e idoneidad de los candidatos instrumentaría el principio de mérito. La Sec. 8.8 ante nuestra consideración cae bajo esta segunda cateogría. Esta disposición fomenta los criterios de antigüedad y experiencia. Estos dos elementos ayudan a seleccionar una persona idónea y capacitada para un puesto. Partimos de la premisa

---

(²) Esta sección de la Ley Orgánica establece además que el administrador aprobará la reglamentación concerniente al área de personal en consulta con la Unión de Empleados y Trabajadores y que las diferencias resultantes serán dirimidas finalmente por un Comité de Querellas. Dispone:

"Todo el personal de la Comisión Industrial quedará comprendido dentro del Servicio por Oposición y todo el personal del Fondo del Seguro del Estado quedará comprendido dentro del Servicio Exento.

"El sistema de personal que por este Capítulo se faculta al Fondo del Seguro del Estado a establecer deberá estar basado en el principio de mérito y en conformidad con las reglas y reglamentaciones que al efecto adopte el Administrador del Fondo. Dichas reglas y reglamentos deberán ser adoptadas en consulta con la Unión de Empleados y Trabajadores de la agencia, según fuere certificada[,] disponiéndose que si las partes no llegasen a un acuerdo en la adopción de dichas reglas y reglamentos, la parte que se considere afectada podrá apelar dentro de los próximos quince (15) días ante el Comité de Querellas y la decisión de dicho Comité será final y obligatoria."

de que el Fondo ha aplicado el principio de mérito en la selección de todo su personal, escogiéndose así a personal de excelencia. A base de los criterios de antigüedad y experiencia, se seleccionan los mejores entre los empleados de la agencia. Son los empleados con años de servicio y experiencia los que se destacan, son los que a través de los años paciente y sacrificadamente van acumulando un expediente que les acredita a continuar en el servicio público. Por otro lado, lograr un ascenso sirve de estímulo al empleado experimentado y ayuda a su retención. La Sec. 8.1(1) de las enmiendas al Reglamento de Personal: Áreas Esenciales al Principio de Mérito, aprobada el 17 de marzo de 1980, fomenta la retención de los buenos empleados mediante los ascensos.

■ La propia Ley de Personal estimula la utilización de criterios de antigüedad y experiencia en los traslados y ascensos de empleados y faculta al administrador de cada agencia para aplicar estos criterios en determinados puestos. 3 L.P.R.A. sec. 1334.([3])

■ Aduce la recurrida que la disposición reglamentaria impide que candidatos idóneos fuera del Gobierno o del Fondo puedan ser reclutados. Diferimos. La Sec. 8.8 no patrocina el tipo de discrimen que para el reclutamiento o la selección de empleados prohíbe la Ley de Personal, 3

---

([3]) Dispone en lo pertinente:

"La administración de personal deberá proveer oportunidades y mecanismos para el ascenso de los empleados. Así también deberá proveer para la mejor utilización de los empleados a través de los traslados.

"Para el logro de estos objetivos se establecen las siguientes disposiciones:

"(1) La Administración Central o cada Administrador Individual, según sea el caso, determinará las clases de puestos que debido a las necesidades particulares de la agencia o a la naturaleza de las funciones de las clases de puestos requieren que se cubran mediante el ascenso de empleados. Para cubrir estas clases de puestos se utilizará el mecanismo de los ascensos, conforme a lo siguiente:

"(a) Los empleados en puestos de carrera ascenderán mediante exámenes que podrán consistir de pruebas escritas, orales, físicas, de ejecución, evaluaciones de experiencia y preparación, evaluaciones del supervisor, análisis del récord de trabajo, resultados de adiestramiento u otros."

L.P.R.A. sec. 1333. (⁴) Una vez se llene la plaza conforme a la disposición reglamentaria 8.8 surgirán una o más vacantes, que a su vez podrán ser cubiertas con candidatos de la agencia, del Gobierno o fuera del servicio. Los candidatos así escogidos podrán acumular experiencia y en su día hacerse acreedores para ocupar puestos más altos.

El nombramiento impugnado, efectuado por el Administrador del Fondo, rompe el balance obrero patronal establecido por la ley especial. (⁵) El Administrador obvió una reglamentación que conforme a la Ley Orgánica se preparó en consulta y armonía con la Unión de Empleados y Trabajadores de la Agencia. Por otro lado, el tribunal de instancia erró al no darle la consideración y el respeto que ameritaba la disposición reglamentaria, especialmente cuando fue aprobada luego de la aprobación de la Ley de Personal y cuando se le concedió a la agencia un grado de autonomía y procedimiento especial para aprobar la reglamentación. *Cf. Ready Mix Concrete* v. *Comisión Industrial,* 92 D.P.R. 37 (1965).

El sistema de mérito condena ciertas prácticas discriminatorias —ninguna de las cuales fomenta la Sec. 8.8 concernida— y para escoger a los más aptos fomenta la utilización de diversos criterios, como los de antigüedad y experiencia, al efectuarse nombramientos. La recurrida ha fundamentado su alegato en que la esencia del principio de mérito es la libre compentencia de candidatos de dentro y fuera del sistema público o la agencia para llenar vacantes, pues sólo así se seleccionan los más idóneos. Pero en correcta perspectiva, la selección de los más idóneos para un puesto conlleva mucho más que eso. Hay que atender problemas de adminis-

---

(⁴) Lee así:

"La Administración Central y cada Administrador Individual deberá ofrecer la oportunidad de competir a toda persona cualificada que interese participar en las funciones públicas del país. Esta participación se establecerá en atención al mérito sin discrimen por razones de raza, color, sexo, nacimiento, edad, origen o condición social, ni por ideas políticas y religiosas."

(⁵) Véase el escolio 2.

tración de la agencia, especialización de la plaza, armonía en el centro de trabajo, retención de empleados experimentados, derecho a ascenso del empleado probado y otros.

■ Habiendo determinado que la Sec. 8.8 impugnada es válida y que no violenta el principio de mérito, concluimos que el Administrador del Fondo actuó *ultra vires* al efectuar el nombramiento. El Tribunal Superior debió ordenar que se efectuara el nombramiento según la disposición reglamentaria.

Procede expedir el auto de revisión. *Se revocará la resolución recurrida y se devolverá al tribunal de instancia para ulteriores procedimientos compatibles con esta opinión.*

El Juez Asociado Señor Rebollo López emitió voto disidente.

—O—

Voto disidente emitido por el Juez Asociado Señor Rebollo López.

Entiendo, al igual que el tribunal de instancia, que la disposición reglamentaria en controversia es nula por contravenir el "principio de mérito" que consagra la Ley de Personal de 1975; principio que, como bien señala la opinión mayoritaria, se aplica a la agencia concernida. Como sabemos, el referido principio establece el *mérito* y la *capacidad* como "guía rectora" en la *selección*, adiestramiento, ascenso y retención de empleados públicos; en otras palabras, sólo los *más aptos* deberán ser los *seleccionados*, adiestrados, ascendidos y retenidos en el Gobierno.

La Sec. 8.8 del Reglamento del Fondo del Seguro del Estado *impide* que *personas cualificadas,* provenientes tanto de *otras agencias* del Gobierno de Puerto Rico como de *fuera del servicio público*, compitan y sean reclutadas para trabajar en la referida agencia.

No podemos cerrar los ojos a la realidad. Al ocurrir una vacante dentro del Fondo, *siempre* existirán empleados de menor jerarquía en dicho organismo administrativo que

"cualifican" para el puesto y, por lo tanto, *siempre* se podrá llenar la vacante con uno de ellos. En otras agencias de nuestro Gobierno, sin embargo, habrá otros empleados todavía *más* "cualificados" que aquellos del Fondo que, bajo la opinión que hoy emite el Tribunal, se verán impedidos de competir y ser seleccionados para la vacante. De igual forma existirán otras personas, fuera del servicio público en esos momentos, que interesan entrar al mismo y cuyas aspiraciones también quedarán tronchadas bajo la decisión que hoy se emite.

La aplicación, y convalidación por este Tribunal, de la sección reglamentaria en controversia implica e impide que sean los *más aptos* los que trabajen para nuestro Gobierno.[1]

Por las razones antes expresadas, confirmaría la resolución emitida por el tribunal de instancia en el presente caso.

---

[1] Entendemos, en adición, que elimina la competencia, el deseo de superación y, por consiguiente, impide el mejoramiento de los servicios que se prestan a la ciudadanía en general. Ello es así por cuanto, al saberse que no habrá competencia por parte de "gente de afuera" en relación con los futuros ascensos, el resultado es la "complacencia" y la ineficiencia en los servicios a prestarse al público.