Ramos Buonomo, Jueza Ponente
TEXTO COMPLETO DE LA SENTENCIA
Los recurrentes solicitan la revocación de la resolución del Comité de Apelaciones de la Autoridad de Acueductos y Alcantarillados de Puerto Rico del 26 de junio de 1996, en la que se declaró sin lugar su petición de apelación. En la misma se solicitó la revisión de la actuación de la Autoridad de Acueductos y Alcantarillados ("AA.A.") al negarse a conceder un aumento de sueldo a los recurrentes al amparo de su Reglamento de Retribución Uniforme.
Por los fundamentos que pasamos a exponer, expedimos el recurso de revisión y revocamos la resolución recurrida ya que la sección del reglamento en el cual se basó la A.A.A. para no conceder los aumentos de sueldo solicitados es nula por contravenir el principio de mérito que permea todo el sistema de servicio público de nuestro país.
I
Relación de hechos pertinentes:
Efectivo el 10 de agosto de 1992 la A.A.A. aprobó unas nuevas escalas salariales aplicables a sus *984 empleados, dejándose sin efecto el plan de retribución anterior.
Los recurrentes eran empleados regulares de carrera de la A.A.A. con anterioridad a la fecha de efectividad de las nuevas escalas salariales. Sin embargo, al momento en que la A.A.A. implemento el nuevo sistema de retribución, éstos no recibieron ningún aumento en sus salarios. Otros puestos correspondientes a empleados con menos tiempo laborando para la A.A.A. fueron reasignados y recibieron un aumento de sueldo de acuerdo al tope mínimo establecido en la escala salarial de la A.A.A.
En vista de que no recibieron aumento en sus salarios, los recurrentes se reunieron en varias ocasiones con funcionarios de la Oficina de Recursos Humanos de la A.A.A. Esta, basándose en el inciso 5 de la sección 8 de su Reglamento de Retribución, negó el aumento solicitado alegando que no procedía ya que el salario de los recurrentes era mayor al mínimo de la escala establecida para sus puestos.
Oportunamente los recurrentes, presentaron apelación ante el Comité de Apelaciones de la A.A.A. éste, mediante resolución, declaró sin lugar la solicitud presentada. No conformes, los recurrentes señalan que erró el Comité al aplicar al caso que nos ocupa el Reglamento de Retribución de la A.A.A., negándoles el aumento que les corresponde en su salario básico. Evaluemos los méritos de sus planteamientos.
II
La Ley 5 del 14 de octubre de 1975, conocida como Ley de Personal del Servicio Público de Puerto Rico ("Ley de Personal") fue aprobada con el propósito de revisar los principios básicos del sistema de personal público para ajustar el mismo a los conceptos más dinámicos y efectivos de la administración de personal. Mediante la aprobación de dicha ley se quiso reafirmar el principio de mérito y extenderlo a todos los sectores del empleo público. Exposición de Motivos de la Ley de Personal, supra.
La Ley de Personal establece el mérito como el principio rector del servicio público, de tal forma que sean aquellos empleados más aptos los que presten sus servicios al Gobierno de Puerto Rico. Artículo 1 de la Ley de Personal, 3 L.P.R.A. see. 1311(1). Esto significa que todo empleado público será seleccionado, adiestrado, ascendido y retenido en su empleo en consideración a sus méritos y a sus capacidades. Artículo 1 de la Ley de Personal, supra. [1]
Aunque en términos generales esta ley aplica a todas las ramas, agencias e instrumentalidades del Gobierno, la misma expresamente excluye de su aplicación, entre otros, a aquellos empleados de agencias ó instrumentalidades gubernamentales que funcionen como empresas o negocios privados. Artículo 1 la Ley de Personal, 3 L.P.R.A. 1338. [2] Estas deben aprobar sus propios reglamentos para la administración de su personal. Aunque las agencias e instrumentalidades excluidas de la Ley de Personal, supra, no vienen obligadas a incluir expresamente el principio de mérito en sus respectivos reglamentos de personal, nuestro Tribunal Supremo ha reconocido que dicho principio permea todo el servicio público, incluyendo a los empleados de corporaciones públicas. A tales efectos se indicó en Reyes Coreano v. Director Ejecutivo, 110 D.P.R. 40, 48 (1980):

"Los antecedentes de la ley [refiriéndose a la Ley de Personal] destacan la importancia que para sus objetivos representaban la reafirmación del principio de mérito como norma rectora en la administración de personal y su extensión de manera uniforme a todos los sectores del servicio público."

En dicho caso se resolvió que el principio de mérito se extiende a todas las agencias e instrumentalidades excluidas de la Ley de Personal en cuanto a los empleados no unionados. Reyes Coreano, supra, a la pág. 49. Esta norma fue posteriormente reafirmada en Ríos Colón v. Corporación del Fondo del Seguro del Estado, _ D.P.R. _ (1995), 95 J.T.S. 133.
Por tratarse de una corporación pública que genera fondos independientes de los del Estado Libre Asociado de Puerto Rico, la A.A.A. queda excluida de la aplicación de la Ley de Personal y está autorizada para crear sus propios reglamentos relacionados con la administración de sus recursos *985 humanos. En virtud de tal autoridad, la A.A.A., mediante la Resolución 1420 del 10 de agosto de 1992, aprobó el Reglamento de Retribución Uniforme y Nuevas Escalas Salariales de la A.A.A., el cual es objeto de la presente controversia.
Nos corresponde determinar entonces si dicho reglamento cumple con el principio de mérito que debe regir en todo empleo público.
ni
En el presente caso los recurrentes plantean que al aplicar las nuevas escalas salariales, la A.A.A. no les concedió un aumento de sueldo a pesar de que éstos habían laborado para esa empresa por más de (4) cuatro años con anterioridad a la aprobación del nuevo plan de retribución. Esta situación provocó que empleados nuevos de la agencia tuviesen salarios similares a los de los recurrentes, a pesar de los aumentos de salario que éstos habían obtenido, por su desempeño durante mayor cantidad de tiempo para la A.A.A.
La única alegación de la A.A.A. ante nos es que su Reglamento de Retribución, supra, no provee para dicho aumento, ya que el salario de los recurrentes está por encima del mínimo establecido en la nueva escala salarial correspondiente a sus puestos. La A.A.A. se basa en la sección 8.1(5) del referido reglamento, la cual establece:
"Cuando se enmienda el plan de retribución por efecto de la reasignación de una clase o serie de clases a una escala de retribución superior, se ajustarán los sueldos al tipo mínimo de la escala a aquellos empleados que al momento de la reasignación estuvieren devengando un sueldo inferior a dicho mínimo. En todos los demás casos no se efectuarán ajustes salariales. El Director Ejecutivo podrá autorizar otros mecanismos para ajustar los sueldos". (Enfasis suplido.)
De lo anterior surge que al reasignarse un puesto a una escala de retribución superior sólo se aumentarán aquellos salarios que sean inferiores al mínimo establecido para el puesto en particular. Sin embargo, aquellos empleados que hayan alcanzado aumentos en sus salarios debido a la capacidad demostrada en sus labores y a su experiencia no recibirán aumento alguno en sus salarios si la cantidad de éstos es mayor que el mínimo establecido para sus puestos en la nueva escala salarial.
Tal disposición no toma en cuenta los años de servicios que hayan prestado los empleados a la A.A.A. ni los aumentos que éstos hayan recibido por sus méritos, favoreciéndose a los empleados que recién comenzaban sus labores al momento en que fue aprobada la nueva escala salarial y aquellos que llegaron luego de estar vigente la misma.
No existe duda de que un reglamento aprobado por una agencia no puede estar en conflicto o ir en contra de una ley, pues de lo contrario sería nulo. Carrero v. Depto. de Educación, _ D.P.R. _ (1996), 96 J.T.S. 141; P.S.P. v. Com. Estatal de Elecciones, 110 D.P.R. 400 (1980); Infante v. Tribl. Examinador de Médicos, 84 D.P.R. 315 (1961). En el caso que nos ocupa, la A.A.A. no puede pretender que su reglamento vaya por encima de una ley, más aún cuando se ha reconocido que el principio de mérito establecido en la Ley de Personal cobija aun a aquellos empleados que laboran para organismos gubernamentales que no estén cubiertos por dicha ley.
A tenor con lo anterior, resolvemos que es nula la parte de la sección 8.1(5) del Reglamento de Retribución Uniforme y Nuevas Escalas Salariales de la A.A.A. del 10 de agosto de 1992, en donde se indica que no se harán ajustes salariales en aquellos casos en que el empleado esté por encima del tope mínimo establecido. Esto es contrario al principio de mérito establecido en la Ley de Personal, supra. 
Determinamos que el salario básico correspondiente al puesto de cada uno de los recurrentes debe ser aumentado de acuerdo a la nueva escala salarial, sin tomar en cuenta los aumentos en salario que éstos hayan obtenido por sus méritos y años de experiencia, de forma que dichos aumentos se mantengan en vigor a pesar del nuevo plan de retribución. Resaltamos que como parte del principio de mérito la Ley de Personal, supra, "estimula la utilización de criterios de antigüedad y experiencia en los traslados y ascensos de empleados...". Laboy v. E.L.A., 115 D.P.R. 190 (1984). Además:
*986 "Son los empleados con años de servicio y experiencia los que se destacan, son los que a través de los años paciente y sacrificadamente van acumulando un expediente que los acredita a continuar en el servicio público. Por otro lado, lograr un ascenso sirve de estimulo al empleado experimentado y ayuda a su retención." Laboy, supra, a la pág. 194.
Por todo lo anterior, expedimos el recurso de revisión solicitado, revocamos la resolución recurrida y resolvemos que la A.A.A. debe volver a evaluar el salario de los recurrentes de acuerdo con lo que aquí resolvemos, teniéndose por no puesta la parte de la sección 8.1(5) de su Reglamento de Retribución que declaramos nula mediante la presente sentencia.
Así lo acordó y manda el Tribunal y lo certifica la Señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 66
1. Dicho artículo reza como sigue:

"La política pública del Estado Libre Asociado de Puerto Rico en lo relativo al personal del servicio público es la que a continuación se expresa:

(1) Establecer el mérito como el principio rector que regirá todo el servicio público, de modo que sean los más aptos los que sirvan al Gobierno y que todo empleado sea seleccionado, adiestrado, ascendido y retenido en su empleo en consideración al mérito y a la capacidad, sin discrimen por razones de raza, color, sexo, nacimiento, edad, origen o condición social, ni por ideas políticas...".

2. Dicho artículo establece lo siguiente:

"Las disposiciones de este Capítulo no aplicarán a las siguientes ramas, agencias e instrumentalidades del gobierno:

(1).
(2).

(3) Los empleados de agencias o instrumentalidades del Gobierno que funcionen como empresas o negociados privados...".

3. La parte de la antes transcrita sección 8.1(5) del Reglamento de Retribución de la A.A.A. que hoy declaramos nula es la siguiente:
"...En todos los demás casos, no se efectuarán ajustes salariales. El Director Ejecutivo podrá autorizar otros mecanismos para ajustar los sueldos". (Ver transcripción completa de la sección a la página 6 de la presente sentencia.)